Gibson, J.
This record is a tissue of extravagant blunders, and many errors might have been assigned, that would be fatal to the judgment. The action was originally debt under the act of assembly on a promise to account for monies received as bailiff; and the declaration was filed in account render, without any agreement appearing of record to cure this monstrous incongruity. Judgment quod computet was rendered by confession, and auditors were as-: signed, by whom certain issues taken by the parties were so imperfectly certified, that it is difficult to say what they are. The plaintiff had averred in his declaration that the defendant was his bailiff and receiver during a period between particular days, which were specified; and at the trial of the issues, finding that his proof did not correspond with this, moved to amend by laying a period altogether different. Amendments at common law, being matter of discretion, are not the subject of error; but amendments under the act of assembly, being in certain cases matter of right, are inquirable of here. By the very words of the act, these are allowable only, “oh or before, the trial of the cause,” — never after it, But within the intent of the act, the trial of the cause in account render, is the trial of the issue on the plea to the declaration, and not the trial of issues that may happen to b,e certified by auditors. Here the plaintiff thought proper to render the time material by assigning a particular duration to the period during which the defendant was his receiver; consequently, when the defendant confessed judgment, he acknowledged that he was Hable to account for monies received during that period, and no other. How then could the court, without his assent, change the period for which he admitted himself to be accountable? To alter the declaration would have been to alter the judgment and to change the terms on which it had been confessed. Suppose instead of confessing judgment, the defendant had pleaded to issue, and it had been found against him, only the facts alleged in the declaration would have been found; and to have inserted a new averment, would have made the jury say more than they .meant. But it is impossible to raise n difference in this respect between a judgment rendered on a verdict and a judgment rendered on a confession of the party. In either case the amendment goes to substance and not to form, and is consequently not within the act of assembly. At this stage of the proceedings, matter of form may possibly be amendable-at the common law; but matter of substance certainly is not.
The plaintiff offered evidence of monies having been received, before the time laid in the declaration: and as the time was made material, this evidence was properly rejected. And besides, the *203 parties had nota right to go into the whole of the account, the jury being sworn to try only the issues'that had been certified by the auditors. What these issues were does dot appear by the record; but the auditors themselves were precluded from meddling with any transactions but those comprised within the period specified, and consequently could certify no issue of fact which arose out of any thing else. *
The defendant having been improperly permitted to prove that one of these horses was entirely worthless for the purpose for which he was used, the plaintiff offered in evidence the copy of an advertisement in which excellent qualities were attributed to it; the original of which had been furnished to one Wolf, who after the period in question, had purchased the horsfe of Reisinger. The original paper had been given to Wolf in mahuscript, and had been left by him with the printer of a newspaper, in Martinsburg, Virginia, hy whom it had been published. Wolf testified that he had. not inquired of the printer, and had made no particular search for it even among.his own papers, but expressed an opinion that it was lost. It is' impossible to doubt the correctness of the opinion of the court, that evidence had not been given of due diligence to procure the original, or to account for the want of it. The probability that it had not been preserved by the printer, can furnish no reason why inquiry should not have been made of him; it might have proved successful, and that alone is reason enough why it ought not to have been omitted. But if tha sufficiency of preliminary evidence such as this, be a legitimate subject for the consideration of a-court of error, still the opinion of the court below, who are to judgé of the credibility of witnesses, (of which we can know little here) must necessarily be decisive in all but cases of palpable mistake in matter of law: of mistake in judging of the weight of evidence, we certainly cannot 'take cognizance, and should oftener than the court below fall into error,' weie we to attempt it. With respect to the point before .us, we are of opinion, that there was no error, either in fact or in law, and that the evidence was properly excluded.
Judgment affirmed.